UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN CALTAGIRONE and BRENDA
GREENBLATT, on behalf of themselves and
a class of persons similarly-situated, and on
behalf of the New York Community Bank
Employee Savings Plan,

                            Plaintiffs,

            - against -

NEW YORK COMMUNITY BANCORP,
et al.,

                         Defendants.
----------------------------------------X

MEMORANDUM & ORDER
CV 04-4872 (LDW)

APPEARANCES:

STULL, STULL & BRODY
BY: EDWIN J. MILLS, ESQ.
Attorney for Plaintiffs
6 East 45th St.
New York, NY 10017

KATTEN MUCHIN ROSEMAN LLP
BY: JONATHAN G. ROSE
Attorneys for Defendant
1025 Thomas Jefferson St., N.W.
Suite 700 East
Washington, D.C. 20007

WEXLER, District Judge:

       This is a case brought pursuant to the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §1132. The amended complaint alleges that Defendants are liable for mismanagement of the New York Community Bank Employee Savings Plan in violation of various fiduciary duties set forth in ERISA, see 29 U.S.C. § 1104. The action is styled as a class

1

action representing individuals who are present and former participants and beneficiaries in an ERISA plan, for whose account shares of New York Community Bancorp, Inc. ("NYCB") were held at any time between December 31, 2002 through and including February 4, 2005 (the "Class Period"). Named as defendants are the Plan administrator which acted as a fiduciary with respect to the Plan as well as other Plan fiduciaries and administrators during the Class Period.

Originally named as Plaintiffs were John Caltagirone ("Caltagirone") and Brenda Greenblatt ("Greenblatt"). In prior motion practice, this court granted the motion of Defendants to dismiss the claim of Caltagirone for lack of standing. The court has held in abeyance its ruling on the claim that Plaintiff Greenblatt also lacks standing, pending discovery and additional briefing ordered with respect to certain discreet issues identified in the court's earlier opinion. Having taken the discovery envisioned by the prior order of this court, the parties have submitted additional papers in support of their positions as to Greenblatt's standing. Upon consideration of those papers, the court now rules on the motion to dismiss the claim of Greenblatt for lack of standing. For the reasons set forth below, the court holds that Greenblatt lacks standing to pursue this ERISA claim and therefore grants Defendants' motion to dismiss.

## BACKGROUND

I. <u>The Complaint and Allegations Regarding the "Savings Plan"</u>

As noted, Plaintiff styles this action as a class action. The action is pursued on behalf of Plaintiff and a class of similarly situated present and former participants and beneficiaries of the New York Community Bank Employee Savings Plan (the "Savings Plan"). The plan that is at the core of this action is alleged to include several plans merged into the Savings Plan when other banks were merged into and became a part of the New York Community Bank ("NYCB").

Relevant here is the plan in which Greenblatt participated, the CFS Bank 401(k) Thrift Incentive Savings Plan, which merged with the NYCB Savings Plan. The amended complaint also includes in its definition of the "Plan" that was allegedly mismanaged, an Employee Stock Ownership Plan in which the Plaintiff is alleged to have participated (the "ESOP").

II. <u>The Plans</u>

While Plaintiff's amended complaint refers to the Savings Plan and the ESOP collectively as the "Plan" at issue, it is important, for the court's discussion of Greenblatt's standing, to be clear in distinguishing between the Savings Plan and the ESOP. It is without question that the Savings Plan and the ESOP are two separate benefit plans. Each plan has its own separate plan document and summary plan description and each files its own tax return.

    A. <u>The Savings Plan</u>

The Savings Plan is a voluntary plan that allows employees to make contributions either before or after tax. The company has the discretion, under the Savings Plan, to make matching contributions to employee accounts in amounts stated in the Savings Plan documents. The Savings Plan is governed by a trust agreement and all of its assets are held in a trust fund that is administered by the Savings Plan trustee. Assets of the participants in the Savings Plan ("Participants") are invested, according to the direction of Participants, in various investment funds established pursuant to the Savings Plan. "Trust Fund Units" refers to the units of measure of each Participants' interest in the various investment funds. Included among investment options offered to Participants during the relevant time period is the option to purchase units in an NYCB company stock fund. Under the terms of the Savings Plan trust agreement, each Participant, upon electing to participate, directs the purchase of trust fund units in any one or

more of the investment funds. Such investment directives may be changed by Participants at any time, in the manner set forth in the trust agreement.

B. The ESOP

The ESOP is a plan pursuant to which employees can own shares of NYCB stock ("Company Shares"). Pursuant to the ESOP, Company Shares are provided to employees at no cost. Under the terms of the ESOP, employee accounts consist exclusively of Company Shares allocated to employees in an amount that is calculated based upon their compensation. With one limited exception, there is no opportunity for employees to make decisions as to the content of their ESOP accounts – each account consists solely of Company Shares allocated to the employee by the company. The one exception to this rule, which allows an employee to direct and diversify the holdings in their ESOP account, applies only with respect to employees who are at least 55 years of age and have participated in the ESOP for at least ten years. These "qualified participants" are given the right, under the terms of the ESOP, to elect to diversify their accounts to hold something other than Company Shares. All other employee ESOP accounts consist only of Company Shares and neither the Plan trustee nor the employee can make decisions to purchase other investment options.

III. Greenblatt's Employment and Her Participation in the Savings Plan and the ESOP

Facts concerning Greenblatt's employment and her participation in the Savings Plan and the ESOP were unclear at the time of the court's decision on the motion to dismiss. After discovery and the submission of additional information, important facts are now clear.

Greenblatt was hired by Haven Bank in February of 1999. She was an employee of Haven when it merged with NYCB on November 30, 2000. As of that date, Greenblatt became

4

an employee of NYCB. Greenblatt enrolled in the Savings Plan on January 31, 2002. As a Participant in the Savings Plan, Greenblatt never chose the investment option to purchase Company Shares. Thus, it is without question that Greenblatt's Savings Plan account never included Company Shares. Greenblatt's employment with NYCB ended on June 6, 2002. After she left NYCB, Greenblatt's interest in the Savings Plan terminated and she rolled over the amount in her account into an Individual Retirement Account.

Greenblatt became a participant in the ESOP shortly after she became an employee of NYCB in 2001. Like other NYCB employees, Greenblatt received an allocation of Company Shares in her ESOP account at no cost. Greenblatt's ESOP account was not eligible for distribution when she left NYCB. Instead, pursuant to the terms of the ESOP, Greenblatt became eligible for a distribution of her ESOP allocation of Company Shares in February of 2006. At that time, Greenblatt elected that her entire vested balance be transferred to a retirement account established with MetLife. Because Greenblatt was neither 55 years old nor employed by NYCB for ten years, she was never an ESOP participant qualified to diversify her account. Thus, Greenblatt's ESOP account held only Company Shares.

IV. The Complaint

As described in this court's decision on Defendants' motion to dismiss, the amended complaint alleges that Defendants breached their duty to operate the Plan prudently and in the interests of its beneficiaries. Specifically, it is alleged that it was a breach of defendants' ERISA duties to allow Participants to elect to invest retirement monies in shares of NYCB when the participants were not supplied with "timely, accurate and complete information." As a result of various acts of wrongdoing and breaches of duty, the value of Plaintiffs' NYCB common stock is

5

alleged to have diminished, resulting in a loss of value to assets of the Plan.

V.  The Motion to Dismiss

Upon the taking of the discovery envisioned by the court when deferring decision on the motion to dismiss, the court turns to consider whether Greenblatt has demonstrated that she has standing to pursue this action. After reviewing relevant legal principles, the court will turn to the merits of the motions.

## DISCUSSION

I.  ERISA Standing

As detailed in the earlier opinion of this court, to pursue the claims asserted here a plaintiff must be either a "participant," "beneficiary" or a "fiduciary." See 29 U.S.C. § 1132(a)(2); 29 U.S.C.§ 1132(a)(3). Plaintiff Greenblatt claims standing as a participant. ERISA defines the term participant to mean "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C. § 1002(7).

In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), the Supreme Court adopted the definition of participant articulated by the Second Circuit, defining participants as either 'employees in, or reasonably expected to be in, currently covered employment,' or former employees who 'have . . . a reasonable expectation of returning to covered employment' or who have 'a colorable claim' to vested benefits." Firestone, 489 U.S. at 117; See Saladino v. I.L.G.W.U. Nat'l Retirement Fund, 754 F.2d 473, 476 (2d Cir. 1985). Thus, to have standing as an ERISA participant, Greenblatt, a former employee, must have either: (a) a reasonable expectation of returning to covered employment, or (b) a colorable claim to vested benefits.

Saladino, 754 F.2d at 476. There is no question that Greenblatt has no expectation of returning to covered employment. The question is, then, whether Greenblatt has a colorable claim to vested benefits.

II.     Disposition of the Motion

Greenblatt is alleged to lack standing because although she was a NYCB employee at a certain time, she was not an Participant during the Class Period and her retirement account never held shares of NYCB common stock. Therefore, it is argued, she has no colorable claim sufficient to confer ERISA standing. The court agrees.

A recitation of certain important dates reveals that Greenblatt lacks standing. First, Greenblatt's dates of employment are now clear. She became an NYCB employee on November 30, 2000, upon the merger with Haven. Greenblatt left NYCB on June 6, 2002. The Class Period, as alleged in the amended complaint – December 31, 2002 through February 4, 2005 – begins six months after Greenblatt left NYCB and four months after she rolled over her Savings Plan account. It is thus now clear that Greenblatt was neither an employee of NYCB during the Class Period nor a Participant in the Savings Plan during that time. It is also clear that while Greenblatt was a Participant in the Savings Plan, she never elected the investment option to own shares of NYCB Company Stock. Thus, Greenblatt's Savings Plan account never included Company Shares.

In view of the fact that Greenblatt took a total distribution of her Savings Plan prior to the beginning of the Class Period, she has no colorable claim for ERISA benefits. As held by the Supreme Court, ERISA actions for breach of fiduciary duty are limited in recovery to that which inures "to the benefit of the plan as a whole," and not to the benefit of any individual participant

in the form of money damages. Mass Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985). Thus, an ERISA claim for breach of fiduciary duty may not be pursued by a former employee who has already taken a full distribution of vested benefits. E.g., Dickerson v. Feldman, 426 F. Supp.2d 130, 135 (S.D.N.Y. 2006); Loren v. Blue Cross and Blue Shield of Michigan, 2006 WL 228978 * 5 (E.D. Mich. 2006). Former employees, like Plaintiff, have, at best, only a claim for individual damages not provided for under ERISA. In view of the forgoing, Greenblatt has no colorable claim for benefits and therefore lacks standing. Accord Dickerson, 426 F. Supp.2d at 135-36.

Even if ERISA provided for an award of individual damages, the failure of Greenblatt to ever have elected to purchase Company Shares as part of her retirement portfolio is fatal to her claim of standing. As noted, the crux of the amended complaint is the allegation that Defendants failed to disclose important information as to the value of NYCB shares, which value ultimately declined. Those who elected to include Company Shares in their Savings Plan accounts were therefore financially injured when making the allegedly ill-informed choice to include NYCB stock as part of their portfolio. Because Greenblatt never held Company Shares, she is not within the group she defines as injured as a result of the alleged breach of duty.

In an effort to demonstrate her ownership of Company Stock during the class period, Greenblatt relies on her ESOP account and the amended complaint's description of the "Plan," to include this account. The nature of the allegations in this matter, however, foreclose any such reliance. The breach of duty alleged here is that it was imprudent for Defendants to recommend ownership of NYCB stock. In the case of the ESOP, however, there exists no discretion to recommend any particular investment option. Participants in the ESOP, unlike those in the

Savings Plan, cannot chose among a variety of investment options. They are, instead, granted shares of NYCB by virtue of their employment. Employees do not contribute any payments for this stock and exercise no discretion as to the purchase of any other investment vehicle. Therefore, the allegation as to mismanagement of the choice of investment options makes no sense when applied to the ESOP.

Greenblatt's ownership of Company Shares, by virtue of her participation in the ESOP is insufficient to confer standing to pursue and ERISA claim based upon an alleged breach of the duty to disclose accurate information as to investment options. Since Greenblatt can similarly not rely upon her participation in the Savings Plan to confer standing, Defendants' motion to dismiss on the issue of standing must be granted.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss. The Clerk of Court is directed to terminate the motion and to close the file in this matter.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Date: Central Islip, New York
October 24, 2006